UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAU HONG LE,

Petitioner,

v.

WARDEN OF MESA VERDE ICE PROCESSING CENTER,

Respondent.

No. 1:26-cv-08390-DAD-CSK (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION TO APPOINT COUNSEL AS MOOT

(Doc. No. 3)

On October 13, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) In that petition, he also seeks emergency relief. (*Id.* at 22.) On October 16, 2026, the court issued an order stating that petitioner's request for emergency relief would be construed as a motion for temporary restraining order, setting a briefing schedule on the pending motion, and directing respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On October 19, 2026, respondent filed a combined opposition to the pending motion and petition for writ of habeas corpus. (Doc. No. 8.) In that opposition, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(6) because the government lawfully revoked his order of supervision ("OSUP") and re-detained petitioner in accordance with the regulations governing re-detention of noncitizens who have been ordered removed and subsequently released into the United States on OSUP. (Doc. No. 8 at 2.)

Based upon the parties' briefing, the court finds the following facts. Petitioner is a native and citizen of Vietnam who originally entered the United States on or about April 30, 1985 as a refugee. (Doc. Nos. 1 at ¶ 3; 8-1 at 2.) On or about March 16, 1999, an immigration judge ordered petitioner removed to Vietnam. (Doc. No. 8-4.) Petitioner was subsequently released on OSUP after the government could not effectuate his removal to Vietnam. (Doc. No. 8-1 at 2.) ICE has re-detained petitioner multiple times for OSUP violations, and most recently re-released him into the United States on or about July 15, 2018. (*Id.*; Doc. No. 8-2 at 1.) On or about August 17, 2026, ICE again revoked petitioner's OSUP pursuant to 8 C.F.R. § 241.4(l) because he had been convicted of multiple felonies in violation of the conditions of his release. (Doc. No. 8-2 at 1.) On August 18, 2026, ICE served petitioner with a notice of revocation of release and conducted an informal interview where petitioner was purportedly provided an opportunity to respond to the reasons given for revocation of his release. (*Id.* at 2–3.) ICE re-detained petitioner that same day and he has remained in ICE detention since then. (Doc. No. 1 at ¶ 9.)

Respondent argues that petitioner's detention is authorized by 8 C.F.R. § 241.13(i)(1). (Doc. No. 8 at 2.) However, the revocation of release expressly provides that petitioner's OSUP was released pursuant to 8 C.F.R. § 241(l), not § 241.13. (Doc. No. 8-2 at 1–2.) "§ 241.13 specifically applies to noncitizens whom the government has determined there is no significant likelihood . . . [that they] can be removed in the reasonably foreseeable future." *Lecky v. Bondi*, No. 2:25-cv-02637-TLF, 2026 WL 266066, at *5 n.2 (W.D. Wash. Feb. 2, 2026) (internal quotation marks and citation omitted). Under § 241.4(l), a noncitizen:

/////

/////

> who violates the conditions of an order of supervision is subject to the penalties described in section 243(b) of the Act. Upon revocation, the [noncitizen] will be notified of the reasons for revocation of his or her release or parole. The [noncitizen] will be afforded an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification.

8 C.F.R. § 241.4(l)(1). That regulation further provides that:

> The Executive Associate Commissioner shall have authority, in the exercise of discretion, to revoke release and return to Service custody [a noncitizen] previously approved for release under the procedures in this section. A district director may also revoke release of [a noncitizen] when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner. Release may be revoked in the exercise of discretion when, in the opinion of the revoking official:
>
> (i) The purposes of release have been served;
>
> (ii) The [noncitizen] violates any condition of release;
>
> (iii) It is appropriate to enforce a removal order or to commence removal proceedings against [a noncitizen]; or
>
> (iv) The conduct of the [noncitizen], or any other circumstance, indicates that release would no longer be appropriate.

*Id.* § 241.4(l)(2).

Here, respondent's evidence reveals that an assistant field office director authorized the revocation of petitioner's OSUP. (Doc. No. 8-2 at 1.) "Many courts have found that they cannot conclude an assistant field office director has the authority to revoke release because it is 'far from clear' that the term 'district director' includes an assistant field office director." *Tanashyan v. Mullin*, No. 5:26-cv-04455-SP, 2026 WL 2538250, at *4 (C.D. Cal. Aug. 27, 2026) (citing cases). Thus, it appears clear that an official who lacked the authority to do so authorized petitioner's re-detention. *M.S.L. v. Bostock*, No. 6:25-cv-01204-AA, 2025 WL 2430267 (D. Or. Aug. 21, 2025) (concluding that a petitioner's re-detention was unlawful where an assistant field office director authorized revoking OSUP for violating the conditions of release). Because ICE failed to follow its own regulations in revoking petitioner's OSUP, his detention is unlawful and the court will order immediate release. *H.R. G.A. v. Rios*, No. 2:26-cv-02449-FLA-CTS, 2026 WL 3094310, at *6–7 (C.D. Cal. Oct. 15, 2026) (finding that the revocation of OSUP for

violating terms of supervision by an unauthorized official was dispositive of petitioner's habeas case and ordering immediate release).[1]

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Chau Hong Le, A-File No. 027-394-204, from respondent's custody on the same conditions, if any, he was subject to prior to his re-detention on or about August 18, 2026;

   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before a neutral adjudicator;

2. Petitioner's motion to appoint counsel (Doc. No. 3) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility; and

/////

/////

/////

/////

/////

---

[1] The court notes that providing petitioner with an informal interview on the same day that he was re-detained also raises due process concerns. *H.R. G.A.*, 2026 WL 3094310, at *7 (citing cases); *see also M.P.P.P. v. Santacruz*, No. 2:26-cv-05246-RAO, 2026 WL 1601908, at *3 (C.D. Cal. June 1, 2026) (noting that "[c]ourts considering similar circumstances have raised concerns with statutory compliance and due process where the government conducts the informal interview immediately upon issuing a notice of revocation, thereby essentially bar[ring] the noncitizen from being able to submit any evidence or information that may show that the revocation of their release is unlawful.") (alterations in original) internal quotation marks omitted). However, because the revocation of petitioner's release was authorized by an official who lacked authority to do so is dispositive, the court need not address this issue further.

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 22, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE